UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| THE TAX CREDIT PROCESSING CENTER, LLC, d/b/a "TAXBREAK," <br><br> Plaintiff, <br><br> v. <br><br> IHOP OF SOUTH TEXAS; et al., <br><br> Defendants. | CASE NUMBER: _____ <br><br> Pending in the Circuit Court of Etowah County, Alabama <br> CV-2012-900066 |

## NOTICE OF REMOVAL

Defendants 1900 S. 10th, LLC, 2105 W. Lincoln, Ltd, 2201 West Expressway 83, Ltd, 2430 Pablo Kisel, Ltd, 2612 S 77 Expressway, LLC, 2716 West, LLC, 314 N. Shary, LLC, 4321 N. 10th, LLC, 5117 SPID, LLC, 7503 Sandario, Ltd, 7606 Zaclentz Parkway, Ltd, Haidar Houston Crosstimbers, Ltd, New 5202 South Padre Island Drive, Ltd, SPID IHOP 1464 Limited Partnership (collectively "IHOP"), improperly named in the Complaint as "IHOP of South Texas," hereby file this Notice of Removal seeking to remove the above-styled case (No. CV-2012-9000066) from the Circuit Court of Etowah County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division, pursuant to 28 U.S.C. § 1441. As support, IHOP shows the Court as follows:

1. On February 13, 2012, Plaintiff Tax Credit Processing Center, LLC d/b/a TaxBreak ("TaxBreak") filed this lawsuit against IHOP and Fictitious Defendants A-Z in the Circuit Court of Etowah County, Alabama. TaxBreak asserts five causes of action against IHOP: (1) Breach of Contract; (2) Breach of Implied Contract; (3) Quantum Meruit; (4) Open and Account Stated; and (5) Fraud in the Inducement.

{W0317633.1}                                                 1

2. The Case Action Summary for this case, from the State Judicial Information System web site – Alacourt.com, is attached as "**Exhibit A**."

3. Pursuant to 28 U.S.C. § 1446(a), copies of all "process, pleadings, and orders served upon" IHOP in the Etowah County Circuit Court are attached hereto as "**Exhibit B**."

## GROUNDS FOR REMOVAL

4. Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.") "Original jurisdiction requires diversity of the parties or the existence of a federal question." *Lost Mountain Homeowners Ass'n, Inc. v. Rice*, 248 Fed. Appx. 114, 115 (11th Cir. 2007).

5. This Court has original federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), as TaxBreak and IHOP are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The United States District Court for the Northern District of Alabama, Middle Division, encompasses the geographic area of the Circuit Court of Etowah County, Alabama.

## DIVERSITY JURISDICTION

7. For claims which do not arise under federal law, 28 U.S.C. § 1332 provides original federal diversity jurisdiction, which governs disputes among parties from different states. 28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity, meaning that no plaintiff may have the same domicile as any defendant. *Underwriters at Lloyd's, London v.*

*Osting–Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). For a federal court to have original jurisdiction over a diversity action, the amount in controversy also must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### A. Citizenship

8. Defendants 1900 S. 10th, LLC, 2105 W. Lincoln, Ltd, 2201 West Expressway 83, Ltd, 2430 Pablo Kisel, Ltd, 2612 S 77 Expressway, LLC, 2716 West, LLC, 314 N. Shary, LLC, 4321 N. 10th, LLC, 5117 SPID, LLC, 7503 Sandario, Ltd, 7606 Zaclentz Parkway, Ltd, Haidar Houston Crosstimbers, Ltd, New 5202 South Padre Island Drive, Ltd, SPID IHOP 1464 Limited Partnership are all entities created under the laws of the State of Texas and the principal place of business of each entity is in the State of Texas. (Affidavit of Kenneth Burford, ¶¶ 2-3, attached hereto as "**Exhibit D**." No member of any of the above-named individual entities is a citizen of the State of Alabama. (*Id.*, Exh. E.)

9. As alleged in the Complaint, TaxBreak is an Alabama limited liability company with its corporate headquarters in Etowah County, Alabama. (*Id.*, ¶ 3.)

10. Therefore, and because "the citizenship of defendants sued under fictitious names shall be disregarded," 28 U.S.C. § 1441(b), complete diversity exists.

### B. Amount in Controversy

11. Where a plaintiff seeks an unspecified amount of damages, whether compensatory or punitive, "a defendant must prove by a preponderance of the evidence that the plaintiffs would recover more than $75,000.00 dollars if they prevailed in the lawsuit." *Long v. Raymond Corp.*, No. 04-BE-1111-S, 2004 WL 5749325, *3 (N.D. Ala. Nov. 24, 2004) (Bowdre, J.) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)); *see also Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010) ("Where jurisdictional damages are unspecified

in the complaint, however, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."); *Arnold v. Guideone Specialty Mut. Ins. Co.*, 142 F. Supp. 2d 1319, 1320-23 (N.D. Ala. 2001) (Acker, J.) (applying the "preponderance of the evidence" standard where the plaintiff sought compensatory damages in a fixed amount and punitive damages in an unspecified amount).

12. The United States Supreme Court has stated: "Where both actual and punitive damages are recoverable under a complaint[,] each must be considered to the extent claimed in determining the jurisdictional amount." *Bell v Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238 (1943) (evaluating the amount in controversy in a fraud case based an unspecified claim for punitive damages with a fixed claim for compensatory damages). To be sure, the Eleventh Circuit has held that "[w]hen determining whether the jurisdictional amount in controversy prerequisite is met, the court must consider a claim for punitive damages 'unless it is apparent to a legal certainty that such cannot be recovered." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998) (quoting *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531 (11th Cir. 1987)); *see also Long*, 2004 WL 5749325 at *3 ("[I]n cases where the jurisdictional amount is not facially apparent from the complaint, a reviewing court may consider . . . the value of a claim for punitive damages 'unless it is apparent to a legal certainty that such cannot be recovered'") (citation omitted). Moreover, this Court may consider the "number and nature of the claims alleged in the complaint" and may aggregate such claims in evaluating whether the jurisdictional minimum is satisfied. *Long*, 2004 WL 5749325 at *3 (citing *Bullard v. City of Cisco*, 290 U.S. 179 (1933)).

13. In this case, the amount in controversy is satisfied by aggregating TaxBreak's fixed demand for compensatory damages with its demand for punitive damages in an unspecified

or indeterminate amount. The Complaint expressly seeks an award of compensatory damages "for the full amount of the unpaid invoice," which the Complaint states is "$70,773.54." (Complaint, Exh. B, ¶ 2 & *ad damnum* clause.)

14. The Complaint also seeks "an award of . . . punitive damages" in an unspecified amount. (*Id.*, *ad damnum* clause.) As noted above, TaxBreak asserts a fraud claim against IHOP. (*Id.*, ¶ 10.) Under Alabama law, TaxBreak "may recover punitive damages for [its] . . . fraud claim[]." *Lowe's OK'd Used Cars, Inc.*, 995 F. Supp. at 1391 (citing *Mobile Dodge, Inc. v. Alford*, 487 So.2d 866, 871 (Ala. 1986)); *see also* Ala. Code (1975) § 6-11-20(a) ("Punitive damages may not be awarded in any civil action . . . other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice . . . ."). Accordingly, the Court must consider TaxBreak's request for punitive damages, in addition to its request for compensatory damages of $70,773.54, in assessing whether IHOP has satisfied it preponderance burden.

15. In assessing whether the request for punitive damages in an unspecified amount, when combined with the request for compensatory damages of $70,773.54, satisfies the amount in controversy "the court may examine decisions rendered in cases on the same type of suit." *Lowe's OK'd Used Cars, Inc.*, 995 F. Supp. at 1392; *see also Long*, 2004 WL 5749325 at *3 (evaluating "comparator cases cited in the removal petition" to determine 'whether the putative compensatory and punitive damages awards" satisfied the amount in controversy); *Barber v. Wal-Mart Stores, Inc.*, No. Civ.A.00-0874-RV-C, 2000 WL 1843644, *1 (S.D. Ala. Oct. 31, 2000) ("The defendant may also present decisions rendered in comparable cases that yielded liability in excess of $75,000."). "Courts that have examined 'similar types' of cases have reviewed damage awards state-wide or even from other jurisdictions." *Lowe's OK'd Used Cars,*

*Inc.*, 995 F. Supp. at 1392 (stating that "[t]he court is unaware of any case that has employed a more particularized review) (citations omitted).

16. The court may also use its "own experience regarding the relationship between punitive and compensatory damage awards" in determining whether the amount in controversy is satisfied. 1A FED. PROC., L. ED. § 1:507; *see also Arnold*, 142 F. Supp. 2d at 1322 (evaluating the amount in controversy where the plaintiff sought compensatory damages in a fixed amount and punitive damages in an unspecified amount and stating that "Alabama trial courts are now routinely ordering remittitur in cases in which punitive damages exceed a ratio of three to one over actual damages"); *Register v. Rus of Auburn*, 193 F. Supp. 1273, 1275-1278 (M.D. Ala. 2002) (assessing the amount in controversy based on a claim for punitive damages in an unspecified amount by analyzing whether punitive damages in the amount necessary to satisfy the jurisdictional minimum could be awarded "without transgressing due-process protections" under the methodology established in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996)).

### A. Comparator Cases

17. Although IHOP denies that any wrong was committed which would entitle TaxBreak to an award of any damages, it is clear from the awards upheld in similar Alabama cases that the amount in controversy exceeds the Court's minimum jurisdictional requirement. Given that TaxBreak expressly seeks $70,773.54 in compensatory damages, IHOP, to satisfy the jurisdictional amount in controversy, need only show that TaxBreak, if it prevails on its fraud claim, will more likely than not recover at least $4,226.47 in punitive damages (and thus more likely than not recover at least $75,000.01, exclusive of interest and costs).

18. A review of the 2010 and 2011 Alabama Civil Reporter for jury verdicts in fraud cases where compensatory and punitive damages were awarded establishes, by a preponderance of the evidence, that TaxBreak, if it prevails on its fraud claim, will more likely than not recover at least $4,226.47 (and thus more likely than not recover at least $75,000.01, exclusive of interest and costs). The relevant excerpts from the Alabama Civil Reporter are attached hereto as "**Exhibit C**."

19. In *Wheeler AutoMarketing, Inc. v. Jeffrey W. Sikes, et al.*, No. CV-2009-903045, Cir. Ct. of Jefferson County, the plaintiff alleged that it was hired by defendants Jeff Sikes, Inc., Sikes Automotive, and Trussville Holdings to perform advertising services but was never paid more than $70,000 in fees for its services. The plaintiff claimed that defendant Jeffrey Sikes personally informed it that the debt would be paid and that plaintiff relied on such statements to his detriment. The plaintiff asserted claims for breach of contract and fraud. The jury awarded the plaintiff $70,863.96 in compensatory damages, and $30,000.00 in punitive damages for the fraud claim. (*Id.*, Exh. C.)

20. In *Delta Capital Resources, LLC v. Goldberg & Assoc., LLC, et al.*, No. 2:08-Cv-1701-WMA, U.S. District Court for the Northern District of Alabama, the plaintiff alleged that it entered into an agreement with defendants to buy certain consumer credit accounts owned by defendants. Plaintiff claimed that defendants made various misrepresentations but failed to timely deliver a chain of title evidencing ownership of the accounts. The plaintiff asserted causes of action for breach of contract, rescission, fraud, and suppression. The jury awarded the $292,054.56 in compensatory damages and $500,000.00 in punitive damages. (*Id.*, Exh. C.)

21. In *Robert Cash v. Michael Sumner*, No. CV-2007-900257, Cir. Ct. of Lee County, the plaintiff claimed that the defendant approached him about buying a parcel of land owned by

the defendant and his wife. The plaintiff alleged that the defendant fraudulently induced him to agree to the sale. The plaintiff asserted causes of action for fraud, breach of fiduciary duty, and conversion. The breach of fiduciary duty claim was dismissed, the jury found in the defendant's favor on the conversion claim, and the jury awarded the plaintiff $25,000.00 in compensatory damages and $25,000.00 in punitive damages for the fraud claim. (*Id.*, Exh. C.)

22.  In *Specialty Marketing Corp., et al. v. Target Media Partners, Inc., et al.*, No. CV-2007-900201, Cir. Ct. of Calhoun County, the plaintiff, a magazine publisher, contracted with the defendants to distribute the magazine. The plaintiff alleged that the distribution services it paid for were not rendered by the defendant. The plaintiff also alleged that the defendants, rather than distributing a large number of copies of the magazine as agreed, actually destroyed the copies. The plaintiffs' claims included breach of contract, promissory fraud, intentional interference with business relations, negligence, and fraud. As relevant here, the jury awarded the plaintiff $167,000.00 in compensatory damages on the fraud claim and $503,400.00 in punitive damages on the fraud claim. (*Id.*, Exh. C.)

23.  In *Harris Culinary Enterprises, LLC, et al. v. Sym, Inc., et al.*, No. CV-2007-306, Cir. Ct. of Lauderdale County, the plaintiffs claimed that they entered into negotiations to purchase a restaurant owned and operated by the defendants. The defendants allegedly represented to the plaintiffs that the business was profitable, when, in fact, defendants had incurred losses. The plaintiffs asserted claims for intentional fraud, reckless fraud, and constructive fraud against the defendants. The jury awarded the plaintiffs $380,000.00 in compensatory damages and $120,000.00 in punitive damages.

24.  In *Rodney Stafford, Jr., et al. v. Jim Burke Automotive, Inc., et al.*, No. CV-2009-903470, Cir. Ct. Jefferson County, the plaintiff purchased vehicle from the defendants. During

the sale process, the defendants allegedly represented to Stafford that his credit had been approved. The plaintiff traded a Dodge Neon as part of the sale. After the sale was complete, the defendants informed the plaintiffs that the financing "fell through" and that, contrary to its previous representation, a co-signor was needed for approval. Plaintiffs also requested that the defendants return the Dodge Neon but were told it had already been sold. Plaintiffs filed claims for fraud, misrepresentation, and conversion. The jury awarded the plaintiff $4,438.52 in compensatory damages and $8,967.04 in punitive damages. (*Id.*, Exh. C.)

25. In *Anton Haardt v. Anna Louise Holt, et al.*, CV-2011-900640, Cir. Ct. Montgomery County, the plaintiff, an antique dealer, claimed that she sold a residence to defendant but that the sale did not include plaintiff's personal property. After the sale, the defendant allegedly failed to let the plaintiff onto the property to retrieve her personal belongings. Plaintiff asserted claims for fraud and conversion. The jury awarded the plaintiff $93,527.23 in compensatory damages and $50,000.00 in punitive damages. (*Id.*, Exh. C.)

26. In *Braden Furniture Co., Inc. v. Bonnie Manning*, No. CV-2010-02120, Cir. Ct. Jefferson County, the plaintiff alleged that the defendant, who was its employee, embezzled over $460,000 by forging over 300 company checks. The jury awarded the plaintiff, *inter alia*, $165,000.00 in compensatory damages on the fraud claim and $300,000.00 in punitive damages on the fraud claim. (*Id.*, Exh. C.)

### B. The Relationship Between Compensatory and Punitive Damages

27. In addition to considering the comparator cases set forth above, the Court, using own experience regarding the relationship between punitive and compensatory damage awards and its knowledge of the limitations prescribed by the due process clause, can find that the amount in controversy is satisfied by a preponderance of the evidence. The Court need not

"suspend reality or shelve common sense" in making this determination. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). TaxBreak alleges that IHOP "induced TaxBreak to enter into the contract . . . by making certain assertions that TaxBreak would be paid for the Services rendered." (Complaint, Exh. B, ¶ 10.) TaxBreak alleges, however, that IHOP never "intend[ed] to render payment for the Services." (*Id.*) TaxBreak also alleges that IHOP "suppressed" certain material facts from TaxBreak during the course of negotiations between the parties. (*Id.*). Although IHOP denies that any wrong was committed which would entitle TaxBreak to an award of any damages, the allegations of intentional and fraudulent conduct, when considered in conjunction with the amount of compensatory damages claimed, establishes that it is more likely than not that TaxBreak, if it prevails on the fraud claim, will recover at least $4,226.47 in punitive damages (and thus more likely than not recover at least $75,000.01, exclusive of interest and costs). Even a compensatory to punitive ratio of *1 to .1* (*or $70,773.54 in compensatory to $7,077.35 in punitive*) would satisfy the amount in controversy. An award of $7,077.35 in punitive damages would not implicate due process given the $70,773.54 in compensatory damages at issue and the nature of the fraudulent conduct alleged by TaxBreak. Therefore, the compensatory and punitive damages, when considered in the aggregate, satisfy the amount in controversy.

## REMOVAL IS TIMELY AND PROPER

28.  As set forth above, this Court has original diversity jurisdiction because complete diversity between IHOP and Tax Break exists, and because the amount in controversy exceeds $75,000.00, exclusive of interests and cost.

29.  The Complaint was filed in the Circuit Court of Etowah County, Alabama on February 13, 2012. (*See* Exh. B.) IHOP was served with the Summons and Complaint on

February 21, 2012. (*See id.*) Therefore, this Notice of Removal has been timely filed within thirty (30) days of receipt of the Summons and Complaint in accordance with 28 U.S.C § 1446(a).

30. Contemporaneous with the filing of this Notice of Removal, a copy of this Notice of Removal along with a Notice of Notice of Removal has been filed with the Clerk of the Circuit Court of Etowah County, Alabama, and served upon counsel for all adverse parties pursuant to 28 U.S.C § 1446(d). Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this action is properly removed to this Court.

31. By filing this Notice of Removal, IHOP does not waive any of its defenses, including but not limited any defenses under Rule 12 of the Federal Rules of Civil Procedure.

32. Prior to filing this Notice of Removal, IHOP did not file an Answer to the Complaint in the Circuit Court of Etowah County, Alabama. Therefore, IHOP will "answer or present other defenses and objections" within "7 days after th[is] [N]otice of [R]emoval is filed" in accordance with Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure.

_____
John W. Dodson         (DOD012)
David A. Rich          (RIC093)
*Attorneys for IHOP of South Texas*

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
Post Office Box 430189
Birmingham, Alabama 35243-0189
(205) 879-8722 Phone
(205) 879-8831 Fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 22nd day of March, 2012, a copy of the foregoing document has been served upon counsel of record listed below by the following method:

    X    mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____    hand delivery

_____    via facsimile

    X    via e-file

Phillip W. Williams, Jr.
Williams & Associates, LLC
400 Broad Street, Suite 111
Gadsden, AL  35901

_____
OF COUNSEL